**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BERNARD ANDREW ROTHMAN,

    Plaintiff,

v.

STATE OF NEW JERSEY, DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT, DIVISION OF WAGE AND HOUR COMPLIANCE, GENERAL ENFORCEMENT,

    Defendant.

Civil Action No. 19-13011 (MAS) (TJB)

**MEMORANDUM OPINION**

### SHIPP, District Judge

    This matter comes before the Court upon Defendant State of New Jersey, Department of Labor and Workforce Development, Division of Wage and Hour Compliance, General Enforcement's ("NJDOL" or "Defendant") Motion to Dismiss pro se Plaintiff Bernard Andrew Rothman's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure[1] 12(b)(1) and 12(b)(6) (ECF No. 3) and Plaintiff's Motion for Injunction and Additional Pleadings (ECF No. 10). Plaintiff opposed Defendant's Motion to Dismiss (ECF Nos. 7, 8), and Defendant did not reply. Defendant opposed Plaintiff's Motion (ECF No. 11), and Plaintiff replied (ECF No. 12). The Court has carefully considered the parties' submissions and decides the matter

---

[1] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is granted, and Plaintiff's Motion is denied.

## I. BACKGROUND[2]

On May 7, 2019, NJDOL issued a subpoena to Plaintiff seeking information about SBR Tire Exchange, Inc. ("SBR"), of which Plaintiff is President and Owner. (Compl. ¶¶ 8–9, ECF No. 1.) The subpoena compelled Plaintiff to appear before NJDOL and to produce certain SBR records, including time records, payroll records, and employee records, for the period from January 2017 to January 2019. (Subpoena, Pl.'s Ex. to Compl. at *12,[3] ECF No. 1-2.)

Plaintiff alleges that he complied with the Subpoena and appeared before Mr. Albert Luongo of NJDOL on May 16, 2019. (Compl. ¶ 6.) At that time, he unsuccessfully attempted to quash the Subpoena. (*Id.*) Plaintiff further alleges that, after speaking with Mr. Luongo for fifty minutes, he "was coerced and unwillingly forced to sign [a] statement." (*Id.*)

On May 28, 2019, Plaintiff initiated this suit alleging that, by its actions, NJDOL engaged in a "fishing expedition" in contravention of his Fourth and Fifth Amendment rights. (*Id.* ¶ 18.) Plaintiff alleges the Subpoena was "unreasonable" and that NJDOL "had no right to continue the meeting and coerc[e], forc[e, and] induc[e] [a] witness to sign a statement, which can and could incriminate himself and his corporation." (*Id.* ¶¶ 3–6, 28.) Plaintiff asks the Court to (1) quash the Subpoena; (2) void his May 16, 2019, statement; (3) strip NJDOL of its subpoena-issuing

---

[2] In ruling on a motion to dismiss, the Court accepts as true all well-pled factual allegations in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (applying standard on Rule 12(b)(6) motion); *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (applying standard on facial Rule 12(b)(1) motion).

[3] Page numbers preceded with an asterisk reference the page numbers at the top of the ECF filing.

power; and (4) grant damages, including punitive damages, or any other relief the Court deems just and proper. (*Id.* at 9.)

NJDOL moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). NJDOL argues that the Court does not have subject matter jurisdiction over the matter (Def.'s Moving Br. 4–7, ECF No. 3-1), and Plaintiff fails to state a claim because "a federal action by a private party cannot be maintained against a state" (*id.* at 8).

## II. LEGAL STANDARD

### A. Rule 12(b)(1) Standard

At any time, a defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1), (h)(3). "A motion to dismiss . . . for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (internal quotation marks and citation omitted). The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion . . . to be turned into an attack on the merits." *Id.* at 272 n.14.

### B. Rule 12(b)(6) Standard

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "To survive a motion

3

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

NJDOL argues that "[a]lthough [P]laintiff's [C]omplaint alleges violations of the Fourth and Fifth Amendments of the U.S. Constitution, those constitutional provisions do not apply here" because they "apply only to criminal matters." (Def.'s Moving Br. 6.) NJDOL provides no support for its assertion.

It is well settled that "[t]he basic purpose of [the Fourth] Amendment . . . is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Camara v. Mun. Court of S.F.*, 387 U.S. 523, 528 (1967). To that end, administrative searches could amount to "significant intrusions upon the interests protected by the Fourth Amendment." *Id.* at 534. Indeed, NJDOL cites to *See v. City of Seattle*, 387 U.S. 541 (1967). (Def.'s Moving

4

Br. 6.) In *See*, the Court stated that "when an administrative agency subpoenas corporate books or records, the Fourth Amendment requires that the subpoena be sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome." 387 U.S. at 544. Plaintiff alleges here that NJDOL's Subpoena violated his Fourth Amendment right. (Compl. ¶ 6.) At this juncture, on a 12(b)(1) motion, the Court will not adjudicate the merits of Plaintiff's Fourth Amendment claim.

Similarly, as to Plaintiff's Fifth Amendment claim, it is well-settled law that the constitutional privilege against self-incrimination is applicable to both civil and criminal proceedings. *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924). Because the Fourth and Fifth Amendments could apply to agency action, the Court declines to decide, on a Rule 12(b)(1) motion, whether "[P]laintiff's claims of constitutional violations are non-existent[] and[,] therefore, should be dismissed." (*See* Def.'s Moving Br. 6.)

### B. Eleventh Amendment Immunity

NJDOL also argues that Plaintiff has failed to state a claim upon which relief can be granted because it is immune from Plaintiff's suit under the Eleventh Amendment. (Def.'s Moving Br. 7–8.) Without citation to statutory authority or relevant case law, Defendant argues that it is a "principal agency in the executive branch of the State of New Jersey"; it "has not consented to suit in federal court in this matter"; and it is, therefore, entitled to Eleventh Amendment immunity. (*Id.* at 8.)

The Eleventh Amendment to the Constitution of the United States provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment

provides "states with immunity from suit for monetary relief in federal court . . . from suits brought by their own citizens."[4] *Gattuso v. N.J. Dep't of Human Servs.*, 881 F. Supp. 2d 639, 645 (D.N.J. 2012) (citing *Hans v. Louisiana*, 134 U.S. 1, 13–14 (1890); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67–68 (1996)).

Even when a state is not named in the suit, a defendant state department or agency is eligible for sovereign immunity if it is an "arm of the state" such that "[the] state is [the] real party-in-interest." *Chisolm v. McManimon*, 275 F.3d 315, 322–3 (3d Cir. 2001). To determine whether a state agency is an arm of the state, the Court must examine: (1) whether payment of a judgment would come from the state treasury; (2) the status of the entity under state law; and (3) the entity's degree of autonomy. *Id.* (citing *Fitchik v. N.J. Transit Rail Ops., Inc.*, 873 F.2d 655, 659 (3d Cir. 1989) (en banc)). "A party asserting Eleventh Amendment immunity bears the burden of proving its applicability." *Id.*

Although Defendant does not address each of the *Fitchik* factors, the Court nonetheless considers whether NJDOL is immune from Plaintiff's suit. Upon review of the New Jersey Statutes Annotated, the Court finds: (1) NJDOL is a principal department of the state's executive branch, N.J. Stat. Ann. §§ 34:1A–1 to –2; (2) the NJDOL's Commissioner is appointed by the Governor and his or her salary is paid by the State of New Jersey, *id.* §§ 34:1–4; (3) the Commissioner maintains a bureau—the Division of Wage and Hour Compliance—and assigns a bureau director as necessary to administer the Wage and Hour Law, *id.* §§ 34:11–56a1, a2, a29;

---

[4] Although state agencies are generally granted Eleventh Amendment immunity, "individual state officers can be sued in their individual capacities for prospective injunctive and declaratory relief to end continuing or ongoing violations of federal law." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 506 (3d Cir. 2001) (citing *Ex parte Young*, 209 U.S. 123 (1908)). That is, individuals may seek to prospectively enjoin state officials from enforcing state laws that violate the Constitution. Here, Plaintiff does not name any individual state agency officers as Defendants.

and (4) the fees and moneys collected by the NJDOL's Commissioner under the provisions of Title 34 are paid to the state treasurer, *id.* § 34:1–25. The Court, accordingly, finds that, under the *Fitchik* factors, the State of New Jersey is the real party in interest and that NJDOL is immune from Plaintiff's suit. *See also Hogg's v. New Jersey*, No. 07-2972, 2008 WL 5272372, at *8 (D.N.J. Dec. 16, 2008), *aff'd*, 352 F. App'x 625 (3d Cir. 2009). Because NJDOL is not subject to suit, the Court dismisses the Complaint.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 3) is granted. Because the Court grants Plaintiff leave to amend his Complaint, the Court denies Plaintiff's Motion for Injunction and Additional Pleadings (ECF No. 10). An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
